UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| AMY PICCININO, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:18-CV-1197-SPM |
|  | ) |  |
| PAPA JOHN'S, USA, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs' Motion for Default Judgment (Doc. 9) and Defendant's Motion for Leave to File Answer Out of Time (Doc. 10). For the reasons stated below, the Motion for Default Judgment will be denied, and the Motion for Leave to File Answer Out of Time will be granted.

### I. BACKGROUND

On or around June 6, 2018, Plaintiffs filed a Petition for Personal Injury against Defendant in the Circuit Court of the County of St. Louis, State of Missouri. (Doc. 1-1). Plaintiffs allege that they were injured in a motor vehicle accident that occurred as a result of the negligence of one of Defendant's employees. Defendant was served with the Summons and Petition for Personal Injury on June 21, 2018. On July 20, 2018, Defendant removed the case to this Court on the basis of diversity of citizenship. (Doc. 1).

Under Rule 81(c)(2) of the Federal Rules of Civil Procedure, "[a] defendant who did not answer before removal must answer . . . within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of

service; or (C) 7 days after the notice of removal is filed." Fed. R. Civ. P. 81(c)(2). Defendants' answer was thus due by July 27, 2018—7 days after the notice of removal was filed.

On July 30, 2018, Plaintiffs filed a Motion for Default Judgment.[1] Plaintiffs state that Defendant did not file an answer or other response by the deadline set in Rule 81. Plaintiffs request a judgment for an amount in excess of $130,000, as well as prejudgment interest, costs, and punitive damages.

The next day, on July 31, 2018, Defendant filed both a response in opposition to the Motion for Default Judgment and a Motion for Leave to File Answer Out of Time, along with an Answer. Defendant states that its lead counsel intended for an associate to prepare and file an answer concurrent with the filing of removal pleadings on July 20, 2018, but that lead counsel failed to adequately communicate that instruction to the associate. Defendant states that due to lead counsel's mistaken belief that the answer had already been filed, no further action was taken to respond to the allegations made by Plaintiff's petition. Defendant states that it was acting in good faith and that the delay in filing the answer will not prejudice Plaintiffs.

**II. DISCUSSION**

    **A. Motion for Default Judgment**

The Court first considers Plaintiffs' Motion for Default Judgment. The Court first notes that because there has been no entry of default by the Clerk of Court in this case pursuant to Rule 55(a), the Motion for Default Judgment is premature and must be denied. *See Precinct, Inc. v. MWS, LLC*, No. 4:13CV2391 SNLJ, 2014 WL 3734276, at *1 (E.D. Mo. July 28, 2014) ("Plaintiff's motion for default judgment must be denied on the basis that an entry of default from

---

[1] Plaintiffs did not request in their motion that the Clerk of Court enter default pursuant to Federal Rule of Civil Procedure 55(c), and no default has been entered.

the Clerk of the Court pursuant to Rule 55(a) is a prerequisite to and must precede the grant of a default judgment under Rule 55(b).") (citing *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998)).

Moreover, even if the Clerk of Court had entered default, the Court would deny the motion for a default judgment. "The entry of default judgment is not favored by the law and should be a rare judicial act." *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995) (quotation marks and internal citations omitted). "Default judgment is appropriate where the party against whom the judgment is sought has engaged in 'willful violations of court rules, contumacious conduct, or intentional delays.'" *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (quoting *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)). However, "default judgment is not an appropriate sanction for a 'marginal failure to comply with time requirements.'" *Id.* (quoting *Ackra Direct Marketing Corp.*, 86 F.3d at 856). Here, Defendant missed a single deadline by four days due to an inadvertent mistake, and upon realizing the mistake promptly made the appropriate filings to attempt to remedy it. Defendant's conduct constitutes only a "marginal failure to comply with time requirements" and does not warrant a default judgment. Instead, as discussed below, Defendant should be permitted to file its answer out of time.

### B.  Motion for Leave to File Answer Out of Time

The Court next considers Defendant's Motion for Leave to File Answer Out of Time. Plaintiffs have not responded to the motion. Under Rule 6(b), "When an act may or must be done within a specified time, the court may, for good cause, extent the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by

intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388, (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Services Co.*, 507 U.S. at 395). In making this determination, the Court considers a number of factors, including (1) the possibility of prejudice to the non-moving party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. *Id.*

After review of the Court finds that Defendant's failure to file a timely answer in this case was due to excusable neglect. Defendant's explanation of the reason for the delay—a miscommunication between lead counsel and an associate—indicates that the delay was caused by an inadvertent mistake and not by any bad faith. The length of the delay between the deadline for filing the answer and Defendant's motion for leave to file an answer out of time was only four days, two of which fell on a weekend. Plaintiffs have not indicated that this brief delay has prejudiced them at all or that it will have any impact on the proceedings, and the Court finds no reason to believe that any such prejudice or impact exists.

For all of the above reasons, the Court finds that the relevant equitable factors weigh in favor of allowing the filing of a late answer, and the Court will grant Defendant's motion for leave to file its answer out of time.

### III. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 9) is

**DENIED**.

      **IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Answer Out of Time (Doc. 10) is **GRANTED**.

                                                 _____
                                                 SHIRLEY PADMORE MENSAH
                                                 UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of October, 2018.